NORTHERN TEXAS TRACTION COMPANY v. DELPHIA THOMPSON.

Decided April 14, 1906.

**1.—Discovered Peril—Negligence.**

In a suit for damages for personal injuries resulting from a collision with
one of defendant's street cars, evidence considered, and held to support a find-
ing that defendant's motorman was guilty of negligence in not sooner stopping
the car after plaintiff's peril was discovered.

**2.—Charge—Error of Omission.**

Where the error in a charge is one only of omission it is the duty of the
complaining party to present a charge supplying the omission; otherwise such
error is not cause for reversal.

**3.—Same—Issue Raised.**

It is the duty of the court to submit every issue raised by a reasonable
construction of the evidence.

Appeal from the District Court of Tarrant County. Tried below
before Hon. Irby Dunklin.

*Capps & Cantey* and *Hanger & Short*; for appellant.—It is contribu-
tory negligence, sufficient to preclude a recovery, for a person to go

upon a street car track, without looking, listening or taking any precaution to discover the approach of a street car. Ft. Worth & D. C. Ry. v. Wyatt, 9 Texas Ct. Rep., 619; Citizens Ry. Co. v. Holmes, 46 S. W. Rep., 116; Galveston, H. & S. A. Ry. Co. v. Kutac, 72 Texas, 643; International & G. N. Ry. Co. v. De Ollos, 8 Texas Ct. Rep., 211; International & G. N. Ry. v. Neff, 87 Texas, 307; Texas & P. Ry. Co. v. Bigham, 90 Texas, 223.

Where the uncontroverted evidence shows that when the peril in which plaintiff had placed herself had been discovered by the agent in charge of defendant's car, he used all the means at his command to avert the accident, and no negligence upon his part in this respect is shown, a verdict in favor of the plaintiff is contrary to and is unsupported by the facts. Lumsden v. Chicago, R. I. & T. Ry. Co., 7 Texas Ct. Rep., 169; Houston City Ry. Co. v. Farrell, 5 Am. Elec. Cases, 576; Stabenau v. Atlantic Ave. Ry. Co., 15 N. Y. App. Div., 408.

It was error for the court to charge the jury that the defendant was guilty of negligence per se, if they found that the car was running at a greater rate of speed than seven miles per hour, unless he had limited this instruction by further instructing the jury that they must also find that the accident would not have happened if the car had been running at a less rate of speed than seven miles per hour. Louisville & N. Ry. Co. v. McCombs, 54 S. W. Rep., 183; Houston & T. C. Ry. v. Carruth, 50 S. W. Rep., 1036; Houston & T. C. Ry. v. Malone, 37 S. W. Rep., 640; Brush, etc., Co. v. Lefevre, 93 Texas, 605; Murray v. Gulf, C. & S. F. Ry. Co., 73 Texas, 2; International & G. N. Ry. v. Ormond, 64 Texas, 487; McDonald v. International & G. N. Ry., 86 Texas, 1.

*R. F. Cook* and *Baskin, Dodge & Baskin,* for appellee.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment in appellee's favor for $350 as damages for personal injuries received by her in a collision with one of appellant's cars, at the time being operated on appellant's line of street railway over and along Bessie Street, within the limits of the city of Fort Worth. Appellant insists, as its principal grounds for reversal, upon two propositions, substantially as follows: First. That the uncontradicted evidence shows that appellee's injuries proximately resulted from her own contributory negligence, which was pleaded. Second. That after appellee's perilous position was discovered by the motorman operating appellant's car at the time, he used all the diligence and means and appliances possible in order to stop said car and prevent said accident, and hence was not guilty of negligence in this respect.

Here stated in a general way, the evidence tends to show that the car was running along Bessie Street in an easterly direction at a speed in excess of that allowed by an ordinance of the city of Fort Worth, which had been pleaded by appellee as a ground of negligence; that appellee approached the car line from the north, going in a southeasterly direction; that she was wearing a sunbonnet and had upon her head a bundle of clothes; that she did not notice any car approaching and did not hear it until she was struck by the car; that the track at the point of

accident is down grade from west to east, sloping slightly; that appellee knew the car track was there and intended crossing it; that she did not stop and listen or look for the car; that she knew that cars passed up and down on that track very often; that the bonnet she had on prevented her from hearing well; that the bundle of clothes upon her head increased the difficulty of hearing.

She testified: "Yes sir, I stepped on the track without looking in either direction to see whether or not a car was coming. . . . No sir, I was not looking for any car. I knew that the track was there and that cars went along there frequently. . . . I just went across the track without looking in either direction to see if a car was coming. . . . Yes sir, I knew that if a car ran against me that it would hurt me. . . . I was just fixing to cross the track when the car struck me. . . . Yes sir, I had good eyesight, . . . and good hearing, . . . and there was nothing the matter with my mind." There is other evidence relating to the issue of contributory negligence which we need not set out.

Conceding appellee's contributory negligence, however, the issue of discovered peril, also presented by appellee in her pleadings, remains, and upon this issue we think the judgment below must be sustained. The evidence is voluminous and we will not quote it at length, but we think it tends to show that the motorman discovered appellee not less than three car-lengths, or ninety feet, from the point of collision; that he was operating one of appellant's small cars which could have been stopped very quickly; that the motorman as well as one or more of the passengers upon the car almost immediately discovered that appellee was going to cross the track, and that she did not hear the warning bell or gong sounded by the motorman; that the motorman did not apply the emergency brake until within about twenty feet from appellee, at which time he also holloed to appellee, who thereupon halted a little in her gait, and the corner of the car struck her bundle of clothes, knocked her over and injured her. We think the evidence tends to show that the motorman was guilty of negligence in failing to immediately apply his emergency brake and even reverse, if need be, the power upon the car in order to stop it, when by the exercise of reasonable care he could have discovered that appellee did not hear his warning and was going upon the track. We think the evidence tends to show that the car could have been stopped in time had this been done, and that such negligence was a contributing cause of appellee's injuries. The motorman testified that he began to sound his gong when he discovered appellee. Mrs. Dooley testified that her attention was attracted by the ringing said gong and that appellee appeared not to notice the car as it came. Miss Annie Britton testified that it was the ringing of the bell and the yelling of the motorman that attracted her attention; that when she turned and looked appellee did not seem to hear the ringing bell nor the motorman's holloing, but continued to advance to the track. J. F. Adkinson testified to the effect that he was sitting on the north side of the car; that his attention was attracted to appellee with the bundle of clothes on her head, and that she kept coming across the street; that the motorman rung his gong and that she seemed to pay no attention whatever to the car; that the car was not going fast and that

the current was off; that the brake had been set to a certain degree ever since they had started down hill; that the car was about fifteen feet from the negro woman when the motorman began to wind the brake tighter and exert all the power he could. The motorman testified on direct examination that appellee with a bundle of clothes on her head turned as though she was going across the track; that he tapped his gong to attract her attention and let her know the car was coming; that she did not pay any attention; that he then began to ring it louder and set up his brake; that the current was off, the car was just rolling. On cross-examination he testified that the car was "one of those small cars. You can stop them quicker than you can a large car. Yes, you can stop them quick. When I first saw this woman I might have been a hundred feet away from her. When I first began to ring the gong she was something like two or three or four car lengths away. Just as soon as I noticed that she was going to cross the track, that she was going that way, I tapped my gong. I noticed right at once that she didn't pay any attention to us. I was about twenty feet from her when I began to set the brake." Mr. Williams testified on cross-examination that the car was about thirty feet long; that when he first saw appellee she was about twenty feet, or something like that, from the track; that the motorman rang his gong about three car lengths or ninety feet from the point of contact.

The charge of the court relating to the general issue of negligence is objected to, but we find no reversible error upon the grounds assigned. It is insisted that the court erred in instructing the jury that a violation of the city ordinance limiting the speed of street cars to seven miles per hour would constitute negligence, without "further instructing the jury that they must further find that the accident would not have happened if the car had been running at a less rate of speed than seven miles per hour." It is also objected that there is no evidence showing that the excessive speed of the car caused the injuries complained of.

The charge to which these objections are leveled is in that part in which the court was stating abstract rules of law. The evidence certainly raised the issue. The abstract proposition was correct, and when the court came to submit the issue, the jury were specifically instructed to the effect that they could not find for appellee on this issue unless they found that such excessive speed "was the proximate cause of plaintiff's injury," and that she was without contributory negligence. If appellant desired a more specific application of the doctrine of proximate cause to the evidence, an appropriate request therefor should have been presented. The error, if any, was but one of omission, for which no relief should now be given.

We think the remaining objection likewise untenable. The evidence is susceptible of the construction that had the car not been running at a prohibited speed, appellee would either have gotten entirely across the track without being struck, or that the motorman could have stopped the car in time to have avoided injuring her. The court, therefore, was authorized to submit the issue of proximate cause, for on appeal, if there be a reasonable construction of the evidence supporting the action complained of, such construction should be adopted.

Finding no error in the trial, and believing that the judgment in appellee's favor is at least supported by the evidence upon the issue of discovered peril, the judgment is affirmed.

*Affirmed.*